# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CLARENCE LYLES, 1184911,<br>　　　　Petitioner,<br>v.<br><br>NATHANIEL QUARTERMAN, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division<br>　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:07-CV-0151-P<br>ECF |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.　　Procedural Background**

On or about August 17, 2001, Petitioner was indicted for capital murder. On July 25, 2003, Petitioner pled guilty to the lesser offense of aggravated robbery and entered an open plea to the court. *State of Texas v. Clarence Lyles*, No. F01-56056-T (283rd Jud. Dist. Ct., Dallas County, Tex., July 25, 2003). The court sentenced Petitioner to fifty years confinement.

On December 2, 2004, the Eighth District Court of Appeals affirmed the conviction. *Lyles v. State*, No. 08-03-00460-CR, 2004 WL 2849537, (Tex. App. – El Paso, 2003, pet. ref'd.). On August 31, 2005, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. *Lyles v. State*, PDR No. PD-1986-04.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

On April 20, 2006, Petitioner filed a state application for writ of habeas corpus. *Ex parte Lyles*, No. 66,716-01. On February 14, 2007, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On December 26, 2006, Petitioner filed this federal petition. He argues:

(1) his guilty plea was involuntary;

(2) he received ineffective assistance of trial counsel when his counsel:

    (a) led Petitioner to believe he would receive probation from the court;

    (b) failed to request a sanity determination;

    (c) failed to produce a character witness to show that Petitioner did not act voluntarily;

    (d) failed to request and produce an expert witness; and

    (e) failed to object to the state's position that Petitioner conspired to commit the offense.

(3) the trial court abused its discretion by refusing to order a sanity evaluation;

(4) he was denied the effective assistance of appellate counsel because counsel did not raise the issue of ineffective assistance of trial counsel; and

(5) the trial court did not consider the full range of punishment, including probation.

## II. Discussion

### 1. Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2049 (1997). The petition in this case is subject to review under the AEDPA.

**2. Guilty Plea**

Petitioner claims his guilty plea was involuntary. He states his attorney led him to believe he would receive probation if he pled guilty and went open to the court for punishment.

As a general rule, a defendant may not collaterally attack a voluntary and intelligent guilty plea. *Taylor v. Whitley*, 933 F.2d 325, 327 (citing *Mabry v. Johnson*, 467 U.S. 504, 508

(1984) and *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Before the trial court may accept a guilty plea, it must ensure that the defendant "has a full understanding of what the plea connotes and of its consequences." *Taylor*, 3933 F.2d at 330 (5th Cir. 1991) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). A plea is involuntary, and therefore insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Taylor*, 933 F.2d at 330 (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

In this case, Petitioner has not shown that his plea was involuntary. The state record shows that the trial judge repeatedly and thoroughly questioned Petitioner regarding his knowledge and understanding of the charges against him and the effect of his guilty plea. The transcripts state:

| | |
|---|---|
| COURT: | [Y]ou're charged with capital murder. You understand what you have been charged with? |
| PETITIONER: | Yes, sir. |
| COURT: | And my understanding is what we are doing here today is the State wants to reduce that to aggravated robbery. You're going to enter a guilty plea. I'm going to do the guilt or innocence part and then find the evidence substantiates your guilt and pass the case and Judge Cunningham will be doing the punishment part. Is that your understanding? |
| PETITIONER: | Yes, sir. |
| COURT: | . . . First, at this point in time, the State has filed a motion to reduce the offense to aggravated robbery, and let me ask you this, do you understand what aggravated robbery is and what you're charged with? |
| PETITIONER: | Yes, sir. |

| | | |
|---|---|---|
| COURT: | | And it is my understanding that you want to give up your right to a jury trial to that charge and enter a plea of guilty before me without a jury; is that correct? |
| PETITIONER: | | Yes, sir. |
| COURT: | | Are you doing that freely and voluntarily? |
| PETITIONER: | | Yes, sir. |
| COURT: | | Now has anybody promised you anything, threatened violence or offered you anything or done anything to in any way make you plead guilty? |
| PETITIONER: | | No, sir. |
| COURT: | | I warn you if you persist in that plea and the evidence proves your guilty beyond a reasonable doubt you can be found guilty. And if you're found guilty, the punishment in your case would be fixed at confinement in the penitentiary for not less than five years nor more than 99 years or life imprisonment, and a fine my be added to that up to $10,000. Do you understand what you could get, what the range of punishment is? |
| PETITIONER: | | Yes. |

(Tr. Vol. 3 at 5-7). The record clearly shows that Petitioner's guilty plea was voluntarily and knowingly made. Petitioner's claim should be denied.

**3.   Ineffective Assistance of Counsel**

Petitioner argues his counsel was ineffective. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

(a) Probation

Petitioner argues his counsel was ineffective because counsel led Petitioner to believe he would receive probation. The record, however, does not support Petitioner's claim. The transcript states:

> COUNSEL: I have told you in effect you have basically three different options. Option one is to plead not guilty, go to trial and make the State prove it; is that right?
>
> PETITIONER: Yes, sir.
>
> COUNSEL: Option two is to try to work out a plea bargain?
>
> PETITIONER: Yes, sir.
>
> COUNSEL: Option three is if a person says I'm guilty of something but what they're offering me is not a bargain and they can go open to a judge or a jury for that matter. You understand that?
>
> PETITIONER: Yes, sir.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 6**

| | |
|---|---|
| COUNSEL: | Knowing you have those options, did you choose one of those three options in which you now want to proceed in this case? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | Which option is that? |
| PETITIONER: | I have chose to plead guilty on aggravated robbery and go in front of the judge. |
| COUNSEL: | Go in front of Judge Cunningham? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | And nobody has – I certainly didn't tell you that that is what you need to do? |
| PETITIONER: | No. |
| * * * | |
| COUNSEL: | You understand we do not have a plea bargain in an open plea. You understand that? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | You understand that there was a plea bargain offer in this case where the State was willing to give you a sentence of 40 years aggravated in exchange for your plea of guilty to aggravated robbery? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | But knowing you had that option, you didn't want to take that option? |
| PETITIONER: | Yes, sir. |
| * * * | |
| COUNSEL: | You understand that this case is going to be reset after today's hearing until August 8? |

| | |
|---|---|
| PETITIONER: | Yes, sir. |
| COUNSEL: | At that time, Judge Cunningham is going to listen to the evidence as far as sentencing goes and he is going to get to decide what he thinks is the appropriate sentence in this case? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | And you understand he has basically the full range of punishment available to him in a criminal case. You understand that? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | In other words, he can give you life and up to a $10,000 fine? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | And he can give you as low as five years in the penitentiary? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | And you understand he could consider and give you what is called deferred adjudication probation? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | Now, I have told you that I think it is very, very unlikely that he would consider and give you, he will consider it but I don't think he would give you probation on this case. Have I told you that? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | So you're aware that my opinion is that probably won't happen? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | And you understand that he is not limited to that 40 years that the State has offered as far as sentencing. You understand that? |
| PETITIONER: | Yes, sir. |

(Tr. Vol. 3 at 10-14). Petitioner has failed show his counsel misled him into believing he would receive probation if he pled guilty. His claim should be denied.

### (b) Sanity Evaluation

Petitioner argues his trial counsel was ineffective because he did not request a sanity evaluation for Petitioner. He also claims the trial court erred in failing to order a sanity evaluation. Petitioner states that witnesses testified at the punishment phase that he was "a lot different" when he was not under the influence of drugs. (Pet. Mem. at 2). To the extent that Petitioner is arguing he was not sane or competent at the time he pled guilty, he has offered no evidence in support of his claim. Petitioner's responses during his guilty plea hearing and his sentencing hearing show no indication that he was insane or incompetent. Under Texas law, a person is presumed competent unless he is proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. Ann. art. 46.02 § 1(b). Petitioner has failed to provide any evidence of his incompetency. His claims are conclusory and should be denied.

### (c) Failed to Produce Witnesses

Petitioner argues his counsel was ineffective because he: (1) failed to produce a character witness to show that Petitioner did not act voluntarily; and (2) failed to request and produce an expert witness to testify that Petitioner suffered from mental problems due to drug use.

Petitioner has failed to submit any evidence that any witness would have testified that he did not act voluntarily. He has also submitted no evidence that an expert would have testified that he suffered from mental problems. Petitioner's conclusory allegations are not sufficient to support his claims. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings); *see also,*

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 9**

*Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) ("for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial."); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . ."). Petitioner's claims should be denied.

### (d) Failed to Object

Petitioner argues his counsel was ineffective because he failed to object to the state's claim that Petitioner conspired to commit aggravated robbery.[1] In this case, Petitioner pled guilty to the offense charged. He has not shown there is a reasonable probability that the result of the proceedings would have been different if counsel had made this objection. Petitioner's claim should be denied.

### (e) Ineffective Assistance of Appellate Counsel

Petitioner argues he received ineffective assistance of appellate counsel because counsel did not raise his ineffective assistance of trial counsel claims. As discussed above, Petitioner's claims of ineffective assistance of trial counsel are without merit. Appellate counsel was not required to raise frivolous claims. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Petitioner's claim should be denied.

---

[1] Respondent argues this claim is procedurally barred. The Court finds, however, that Petitioner raised this claim on page eight of his state habeas petition. *Ex parte Lyles*, No. 66,716-01.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 10**

4.      **Trial Error**

Petitioner argues the trial court erred because it failed to consider the full range of punishment, including sentencing Petitioner to probation. Petitioner submitted no evidence that the court did not consider the full range of punishment before imposing sentence. Although the court could have sentenced Petitioner to deferred adjudication probation, the court stated that this was a "horrible case." (Tr. Vol. 4 at 65). The trial judge stated he did not know why the prosecutor dropped the enhancement from capital murder to aggravated robbery and that, "I have no doubt a jury would find you guilty of capital murder and give you an automatic life sentence." (*Id*). Petitioner has failed to show that the court did not consider the full range of punishment simply because the court refused to sentence Petitioner to probation. Petitioner's claim should be denied.

5. **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 16th day of April, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 12**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).